Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
Clarissa R. Olivares (SBN 343455)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, California 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*breed@kaplanfox.com*
*colivares@kaplanfox.com*

Klint Bruno (*pro hac vice* to be filed)
Jennifer H. Gelman (*pro hac vice* to be filed)
Michael L. Silverman (*pro hac vice* to be filed)
**THE BRUNO FIRM, LLC**
205 North Michigan Avenue, Suite 810
Chicago, Illinois 60601
Telephone: (312) 321-6481
*kb@brunolawus.com*
*jg@brunolawus.com*
*ms@brunolawus.com*

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL AMBROZEWICZ, DEVIN FRANKE, MATTHEW HARTZ, NICOLE LAMONICA, EDWARD BELL AND MADELINE GARCIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>6SENSE INSIGHTS, INC.,<br><br>Defendant. | Case No. 3:24-cv-07489<br><br>CLASS ACTION<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Michael Ambrozewicz, Devin Franke, Matthew Hartz, Nicole Lamonica, Edward Bell and Madeline Garcia (collectively, "Plaintiffs") bring this action on their own behalf and also on behalf of all others similarly situated ("Class Members"). Defendant 6Sense Insights, Inc. ("6Sense" or "Defendant") used and continues to use Class Members' identities to promote its products and services without their written consent, in violation of California, Indiana, Illinois and Ohio law.

## **INTRODUCTION**

1.    Plaintiffs bring this class action complaint against 6Sense for knowingly using the names and identities of Plaintiffs and Class Members for the commercial purpose of selling subscription plans to its online services without compensating Plaintiffs and the Class Members and without obtaining their prior consent.

2.    6Sense operates a website offering a sales and marketing platform that employs artificial intelligence to help companies improve business-to-business ("B2B") transactions. One of the features on Defendant's platform is a B2B contact database that Defendant's customers can use to find potential buyers. Defendant boasts that its database of contact data consists of over 449 million buyer profiles.

3.    Defendant encourages potential customers to "get started" on its platform at no cost by registering for a "free plan" that provides access to a subset of the platform's features, including limited access to Defendant's database. Under the free plan, a registered user can search Defendant's database for buyer profiles using Defendant's filters and "unlock" additional contact information for a fixed number of potential buyers in the database each month.

4.    Defendant has structured its website to provide free plan users with personally identifying information about potential buyers in its database as an enticement to purchase one of Defendant's more comprehensive paid subscription plans.

5.    Defendant profits from the identities of the individuals in its database without their consent by using their names and identities to advertise and promote its paid services and entice free plan users to upgrade to a paid subscription.

6.    Plaintiffs and Class Members are included in Defendant's database. They have not consented and do not consent to the use of their identities to promote Defendant's products and

services, and Defendant has not compensated them.

7.      Defendant's use of Plaintiffs' and Class Members' identities for a commercial purpose without their consent violates the right of publicity statutes of California, Illinois, Indiana and Ohio, as well as California's Unfair Competition Law.

8.      Accordingly, Plaintiffs bring this action individually and on behalf of a class of all persons whose right of publicity was violated by 6Sense and seek all civil remedies including, but not limited to, compensatory, statutory and/or punitive damages, injunctive relief and attorneys' fees and costs.

## PARTIES

9.      Plaintiff Michael Ambrozewicz is, and has been at all relevant times, a resident and citizen of the state of California.

10.     Plaintiff Devin Franke is, and has been at all relevant times, a resident and citizen of the state of California.

11.     Plaintiff Matthew Hartz is, and has been at all relevant times, a resident and citizen of the state of Illinois.

12.     Plaintiff Nicole Lamonica is, and has been at all relevant times, a resident and citizen of the state of Ohio.

13.     Plaintiff Edward Bell is, and has been at all relevant times, a resident and citizen of the state of Ohio.

14.     Plaintiff Madeline Garcia is, and has been at all relevant times, a resident and citizen of the state of Indiana.

15.     Defendant 6Sense Insights, Inc. owns and operates the website www.6sense.com. 6Sense is a California-based for-profit corporation organized under the laws of the state of Delaware with its principal place of business located at 450 Mission Street, Suite 201, San Francisco, California, 94105.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this class action pursuant to the Class

Action Fairness Act, 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, involves more than 100 class members and is a class action in which some members of the class are citizens of states other than the state in which 6Sense is incorporated and has its principal place of business.

17.     This Court has general personal jurisdiction over 6Sense because 6Sense maintains its principal place of business in the state of California. Additionally, this Court has specific personal jurisdiction over 6Sense because a substantial part of the events and conduct giving rise to Plaintiffs' claims occurred in California.

18.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant resides in this District, transacts substantial business in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## COMMON FACTUAL BACKGROUND

**I.    Defendant Uses Plaintiffs' Identities to Promote the Sale of Paid Subscriptions to its Services.**

19.     Defendant owns and operates the website www.6sense.com, which hosts "6Sense Revenue AI," a B2B sales and marketing platform. Through Revenue AI for Sales, Defendant offers "an AI sales intelligence platform where sellers can acquire buying team contact data and account intelligence fast." Defendant touts the platform's capacity to "streamline workflows, uncover hidden sales opportunities, identify anonymous buyer intent data and prioritize accounts that are ready to buy."[1]

---

[1]    *Sales Intelligence Software Powered by Revenue AI for Sales*, 6SENSE, available at https://6sense.com/platform/sales/ (last visited October 10, 2024).

20.     Revenue AI for Sales is available on Defendant's website in four plans: a free plan ("Free Plan"), the Team Plan, the Growth Plan and the Enterprise Plan. All of the plans, except the one explicitly labeled as "Free," are paid subscriptions.



21.     Defendant encourages prospective customers to "get started for free" with the Free Plan for Revenue AI for Sales and "check out our packages for teams of all sizes."



22.     To get started with the Free Plan, a user must register on Defendant's website with a business email address.

23.     Defendant's website includes a feature comparison of the four plans which demonstrates that the Free Plan gives users a taste of the platform's capabilities by providing access to a subset of the features available through one of Defendant's paid subscriptions. The five features offered by Defendant in the Free Plan are also offered in the paid subscriptions, plus additional features unavailable for free.

### Revenue AI for Sales Feature Comparison

| | Free $0/mo | Team Custom | Growth Custom | Enterprise Custom |
|---|---|---|---|---|
| | Start for Free | Book a Demo | Book a Demo | Book a Demo |
| **Plan** | | | | |
| Users | 1 user | Based on team | Based on team | Based on team |
| Credits | 50/month | Based on team | Based on team | Based on team |
| **Features** | | | | |
| Buyer Discovery ⓘ | ✅ | ✅ | ✅ | ✅ |
| Contact & Company Data ⓘ | ✅ | ✅ | ✅ | ✅ |
| List Management ⓘ | ✅ | ✅ | ✅ | ✅ |
| Chrome Extension ⓘ | ✅ | ✅ | ✅ | ✅ |
| Alerts ⓘ | ✅ | ✅ | ✅ | ✅ |
| Technographics ⓘ | -- | ✅ | ✅ | ✅ |
| Psychographics & Job Postings ⓘ | -- | ✅ | ✅ | ✅ |
| Web Visitors ⓘ | -- | ✅ | ✅ | ✅ |
| Add to CRM/SEP ⓘ | -- | ✅ | ✅ | ✅ |
| CRM Filters | -- | ✅ | ✅ | ✅ |
| Reporting | -- | ✅ | ✅ | ✅ |
| Web, CRM, and SEP Apps ⓘ | -- | ✅ | ✅ | ✅ |
| Dashboards | -- | ✅ | ✅ (using Intent) | ✅ (using Predictive AI) |

24.     Defendant offers the first five features of Revenue AI for Sales for free to entice users to subscribe to one of the more comprehensive plans.

25.     "Buyer Discovery" and "Contact and Company Data" are two of the features available under the Free Plan.

26.     Defendant advertises that it has published over 449 million buyer profiles, with 119 million verified business email addresses and 60 million direct-dial phone numbers in its database.

### A Few Stats We Think Are Pretty Neat
#### (and they're growing everyday!)

| 449M+ | 65M+ | 119M+ | 60M+ |
|---|---|---|---|
| B2B Buyer Profiles Published | Company Profiles Published Across 200+ Countries | Verified Business Email Addresses | Direct-Dial Phone Numbers |

27.     Defendant compiles its curated database by collecting and verifying information from over fifteen online sources and refreshes it monthly "to ensure you have the most up-to-date details."

28.      Defendant's Free Plan users can search for and view a limited number of "Company" or "People" profiles in the 6Sense database each month by using 6Sense filters, including location, skills and interests, company, website engagement and others.



29.      A Free Plan user can also search for a particular person by filtering by name.

30.      When the Free Plan user applies the search filters, Defendant's website returns a list of people whose identities are captured by the filters, providing personally identifying information including names, company affiliations, job titles, locations and industries.[2] The individual profiles on this screen provide enough information for viewers to identify each individual in the search results list.

---

[2] To protect the privacy of the people whose names appear in this screenshot, Plaintiffs have redacted their company names, job titles and locations, all of which appear unredacted on Defendant's website.



31.    Each individual profile also features a phone and email icon which the Free Plan user can click to unlock the contact information for the associated person.



32.    By clicking on the phone or email icon, the Free Plan user expends one Free Plan "credit."

33.    When a Free Plan user clicks the icon to unlock a person's contact information, the contact information appears on the next screen, just below a hyperlinked message to "Upgrade your plan to unlock more insights."



34.    Additional information about the buyer including previous employers and job titles is revealed when the user scrolls down.

35.    Defendant designed its website so that the advertisement to "Upgrade your plan" to a paid plan appears just above the identifying information for a profiled person in Defendant's database.

36.    Each Free Plan user receives 50 credits per month from Defendant. When the Free Plan user expends the last of the allotted 50 credits, Defendant's website produces the requested contact information—the identifying information for a person in Defendant's database—together with a pop-up message informing the user: "You are out of credits. Upgrade to the SI Team plan or wait for next month's credits."



37.     Defendant designed its website so that the Free Plan user sees the pop-up advertisement to upgrade to a paid plan on the same screen as the information identifying the last profiled person the Free Plan user can "discover" on Defendant's website in that month.

38.     Defendant also sends periodic email and text communications to Free Plan users informing them of how many credits they have already used and reminding them about the option to upgrade to a paid plan to access more credits and features.



39.     Defendant structured its Free Plan to use the identities of the people in its database to promote the sale of paid subscriptions to Revenue AI for Sales.

40.     Defendant knowingly misappropriates Plaintiffs' and Class Members' identities to promote the sale of its paid subscription plans, disregarding their statutorily protected right of publicity under statutes in the states of California, Illinois, Indiana and Ohio.

41.     Defendant infringes on Plaintiffs' and Class Members' right to control the commercial use of their identity.

**II.    Defendant Never Sought or Obtained Plaintiffs' or Class Members' Permission to Use Their Identities to Promote Defendant's Paid Subscriptions and Has Not Compensated Them.**

42.     Defendant uses Plaintiffs' and Class Members' identities to advertise and promote its for-profit subscriptions. Neither Plaintiffs nor Class Members have given written consent to Defendant to use their identities in Defendant's promotions.

43.     Defendant unjustly profits from the use of Plaintiffs' and Class Members' identities by offering their identities to entice Free Plan users to upgrade to a more comprehensive paid subscription plan offered by Defendant.

44.     Plaintiffs and Class Members do not consent to the use of their identities for Defendant's commercial purposes.

45.     Defendant has not compensated Plaintiffs or Class Members for the commercial use of their identities.

46.     Defendant's unauthorized use of Plaintiffs' and Class Members' identities violates multiple states' right of publicity laws, including Cal. Civ. Code § 3344; 765 ILCS 1075/1, *et seq.*; Ohio Rev. Code § 2741.01, *et seq.,* and Ind. Code § 32-36-1, *et seq.*

**III.    Defendant's Commercial Use of Plaintiffs' Identities on its Website.**

**A.    Plaintiff Michael Ambrozewicz**

47.     Defendant uses Plaintiff Michael Ambrozewicz's name and identity in its advertisements to promote the sale of paid subscriptions to 6Sense. Defendant includes Mr. Ambrozewicz's personally identifiable information—including his full name, job title, employer, location, email address, previous places of employment and previous phone number—in its database which is accessible to all 6Sense Free Plan users. To protect Mr. Ambrozewicz's privacy, Plaintiffs have redacted Mr. Ambrozewicz's identifying information that appears unredacted on Defendant's

website. Defendant provides Mr. Ambrozewicz's personally identifiable information to Free Plan users just below a link to "Upgrade your plan to unlock more insights."



48.        The "Upgrade" link just above Mr. Ambrozewicz's name and identifying information takes the website user to the webpage promoting Defendant's paid subscription plans.



49.        Mr. Ambrozewicz believes that his profile in Defendant's database reasonably identifies him to others because it contains personal and accurate information particular to him.

50.        Mr. Ambrozewicz never gave Defendant consent to use any aspect of his identity in any promotion or for any commercial purpose.

51.        Defendant's use of Mr. Ambrozewicz's personally identifiable information in advertisements for its paid subscriptions demonstrates that Mr. Ambrozewicz's identity has commercial value.

52.    Mr. Ambrozewicz has the right to decide whether and how his identity is used for commercial purposes.

53.    Mr. Ambrozewicz does not want Defendant to use his identity for any commercial promotional purpose.

54.    Mr. Ambrozewicz is not and has never been Defendant's customer and has never registered on Defendant's website. Mr. Ambrozewicz has no relationship with Defendant of any kind.

55.    Defendant has not compensated Mr. Ambrozewicz for the use of his identity to promote its paid subscription services.

56.    Defendant has been unjustly enriched by the misappropriation of Mr. Ambrozewicz's identity to promote its products and services. Defendant's unauthorized use of Mr. Ambrozewicz's identity in its advertisements has injured Mr. Ambrozewicz by depriving him of the economic value of his identity and his right to control the use of his identity for commercial purposes. Defendant's actions have created doubt and worry for Mr. Ambrozewicz about his ability to control how others use his identity to promote their products.

57.    Upon information and belief, Mr. Ambrozewicz's personally identifying information has been searched for or viewed by 6Sense Free Plan users.

**B.    Plaintiff Devin Franke**

58.    Defendant uses Plaintiff Devin Franke's name and identity in its advertisements to promote the sale of paid subscriptions to 6Sense. Defendant includes Mr. Franke's personally identifiable information—including his full name, recent job titles, recent employers and personal cell phone number—in its database, which is accessible to all 6Sense Free Plan users. To protect Mr. Franke's privacy, Plaintiffs have redacted Mr. Franke's identifying information that appears unredacted on Defendant's website. Defendant provides Mr. Franke's personally identifiable information just below a link to "Upgrade your plan to unlock more insights."



59.     The "Upgrade" link just above Mr. Franke's name and identifying information takes the website user to a webpage with Defendant's paid subscription plans as shown in paragraph 48.

60.     Mr. Franke believes that his profile in Defendant's database reasonably identifies him to others because it contains personal and accurate information particular to him.

61.     Mr. Franke never gave Defendant consent to use any aspect of his identity in any promotion or for any commercial purpose.

62.     Defendant's use of Mr. Franke's personally identifiable information in advertisements for its paid subscriptions demonstrates that Mr. Franke's identity has commercial value.

63.     Mr. Franke has the right to decide whether and how his identity is used for commercial purposes.

64.     Mr. Franke does not want Defendant to use his identity for any commercial promotional purpose.

65.     Mr. Franke is not and has never been Defendant's customer and has never registered on Defendant's website. Mr. Franke has no relationship with Defendant of any kind.

66.     Defendant has not compensated Mr. Franke for the use of his identity to promote its paid subscription services.

67.     Defendant has been unjustly enriched by the misappropriation of Mr. Franke's

identity to promote its products and services. Defendant's unauthorized use of Mr. Franke's identity in its advertisements has injured Mr. Franke by depriving him of the economic value of his identity and his right to control the use of his identity for commercial purposes. Defendant's actions have created doubt and worry for Mr. Franke about his ability to control how others use his identity to promote their products.

68.    Upon information and belief, Mr. Franke's personally identifying information has been searched for or viewed by 6Sense Free Plan users.

### C.    Plaintiff Matthew Hartz

69.    Defendant uses Plaintiff Matthew Hartz's name and identity in its advertisements to promote the sale of paid subscriptions to 6Sense. Defendant includes Mr. Hartz's personally identifiable information—including his full name, job title, employer—in its database which is accessible to all 6 Sense Free Plan users. To protect Mr. Hartz's privacy, Plaintiffs have redacted Mr. Hartz's identifying information that appears unredacted on Defendant's website. Defendant provides Mr. Hartz's personally identifiable information just below a link to "Upgrade your plan to unlock more insights."



70.    The "Upgrade" link just above Mr. Hartz's name and identifying information takes the website user to the webpage promoting Defendant's paid subscription plans as shown in paragraph 48.

71.     Mr. Hartz believes that his profile in Defendant's database reasonably identifies him to others because it contains personal and accurate information particular to him.

72.     Mr. Hartz never gave Defendant consent to use any aspect of his identity in any promotion or for any commercial purpose.

73.     Defendant's use of Mr. Hartz's personally identifiable information in advertisements for its paid subscriptions demonstrates that Mr. Hartz's identity has commercial value.

74.     Mr. Hartz has the right to decide whether and how his identity is used for commercial purposes.

75.     Mr. Hartz does not want Defendant to use his identity for any commercial promotional purpose.

76.     Mr. Hartz is not and has never been Defendant's customer and has never registered on Defendant's website. Mr. Hartz has no relationship with Defendant of any kind.

77.     Defendant has not compensated Mr. Hartz for the use of his identity to promote its paid subscription services.

78.     Defendant has been unjustly enriched by the misappropriation of Mr. Hartz's identity to promote its products and services. Defendant's unauthorized use of Mr. Hartz's identity in its advertisements has injured Mr. Hartz by depriving him of the economic value of his identity and his right to control the use of his identity for commercial purposes. Defendant's actions have created doubt and worry for Mr. Hartz about his ability to control how others use his identity to promote their products.

79.     Upon information and belief, Mr. Hartz's personally identifying information has been searched for or viewed by 6Sense Free Plan users.

**D.     Plaintiff Nicole Lamonica**

80.     Defendant uses Plaintiff Nicole Lamonica's name and identity in its advertisements to promote paid subscriptions to 6Sense. Defendant includes Ms. Lamonica's personally identifiable information—including her full name, job title, employer, mobile phone number and email address—in its database which is accessible to all 6Sense Free Plan users. To protect Ms. Lamonica's privacy, Plaintiffs have redacted Ms. Lamonica's identifying information that appears unredacted on

Defendant's website. Defendant provides Ms. Lamonica's personally identifiable information just below a link to "Upgrade your plan to unlock more insights."



81.     The "Upgrade" link just above Ms. Lamonica's name and identifying information takes the website user to the webpage with Defendant's paid subscription plans as shown in paragraph 48.

82.     Ms. Lamonica believes that her profile in Defendant's database reasonably identifies her to others because it contains personal and accurate information particular to her.

83.     Ms. Lamonica never gave Defendant consent to use any aspect of her identity in any promotion or for any commercial purpose.

84.     Defendant's use of Ms. Lamonica's personally identifiable information in advertisements for its paid subscriptions demonstrates that Ms. Lamonica's identity has commercial value.

85.     Ms. Lamonica has the right to decide whether and how her identity is used for commercial purposes.

86.     Ms. Lamonica does not want Defendant to use her identity for any commercial promotional purpose.

87.     Ms. Lamonica is not and has never been Defendant's customer and has never

1    registered on Defendant's website. Ms. Lamonica has no relationship with Defendant of any kind.

2        88.    Defendant has not compensated Ms. Lamonica for the use of her identity to promote

3    its paid subscription services.

4        89.    Defendant has been unjustly enriched by the misappropriation of Ms. Lamonica's

5    identity to promote its products and services. Defendant's unauthorized use of Ms. Lamonica's identity

6    in its advertisements has injured Ms. Lamonica by depriving her of the economic value of her identity

7    and her right to control the use of her identity for commercial purposes. Defendant's actions have

8    created doubt and worry for Ms. Lamonica about her ability to control how others use her identity to

9    promote their products.

10       90.    Upon information and belief, Ms. Lamonica's personally identifying information has

11   been searched for or viewed by 6Sense Free Plan users.

12   **E.    Plaintiff Edward Bell**

13       91.    Defendant uses Plaintiff Edward Bell's name and identity in its advertisements to

14   promote paid subscriptions to 6Sense. Defendant includes Mr. Bell's personally identifiable

15   information—including his full name,[3] job title, employer, location and personal cell phone number—

16   in its database which is accessible to all 6Sense Free Plan users. To protect Mr. Bell's privacy,

17   Plaintiffs have redacted Mr. Bell's identifying information that appears unredacted on Defendant's

18   website. Defendant provides Mr. Bell's personally identifiable information just below a link to

19   "Upgrade your plan to unlock more insights."

---

[3] Although Mr. Bell is listed as "Edward B," Defendant's profile of Mr. Bell includes his email address which contains his complete first and last name.

92.     The "Upgrade" link just above Mr. Bell's name and identifying information takes the website user to the webpage with Defendant's paid subscription plans, as shown in paragraph 48.

93.     Mr. Bell believes that his profile in Defendant's database reasonably identifies him to others because it contains personal and accurate information particular to him.

94.     Mr. Bell never gave Defendant consent to use any aspect of his identity in any promotion or for any commercial purpose.

95.     Defendant's use of Mr. Bell's personally identifiable information in advertisements for its paid subscriptions demonstrates that Mr. Bell's identity has commercial value.

96.     Mr. Bell has the right to decide whether and how his identity is used for commercial purposes.

97.     Mr. Bell does not want Defendant to use his identity for any commercial promotional purpose.

98.     Mr. Bell is not and has never been Defendant's customer and has never registered on Defendant's website. Mr. Bell has no relationship with Defendant of any kind.

99.     Defendant has not compensated Mr. Bell for the use of his identity to promote its paid subscription services.

100.    Defendant has been unjustly enriched by the misappropriation of Mr. Bell's identity

to promote its products and services. Defendant's unauthorized use of Mr. Bell's identity in its advertisements has injured Mr. Bell by depriving him of the economic value of his identity and his right to control the use of his identity for commercial purposes. Defendant's actions have created doubt and worry for Mr. Bell about his ability to control how others use his identity to promote their products.

101.    Upon information and belief, Mr. Bell's personally identifying information has been searched for or viewed by 6Sense Free Plan users.

**F.    Plaintiff Madeline Garcia**

102.    Defendant uses Plaintiff Madeline Garcia's name and identity in its advertisements to promote paid subscriptions to 6Sense. Defendant includes Ms. Garcia's personally identifiable information—including her full name, educational degree, alma mater and past employment—in its database which is accessible to all 6Sense Free Plan users. To protect Ms. Garcia's privacy, Plaintiffs have redacted Ms. Garcia's identifying information that appears unredacted on Defendant's website. Defendant provides Ms. Garcia's personally identifiable information just below a link to "Upgrade your plan to unlock more insights."



103.    The "Upgrade" link just above Ms. Garcia's name and identifying information takes the website user to the webpage with Defendant's paid subscription plans, as in paragraph 48.

104.    Ms. Garcia believes that her profile in Defendant's database reasonably identifies her

to others because it contains personal and accurate information particular to her.

105.    Ms. Garcia never gave Defendant consent to use any aspect of her identity in any promotion or for any commercial purpose.

106.    Defendant's use of Ms. Garcia's personally identifiable information in advertisements for its paid subscriptions demonstrates that Ms. Garcia's identity has commercial value.

107.    Ms. Garcia has the right to decide whether and how her identity is used for commercial purposes.

108.    Ms. Garcia does not want Defendant to use her identity for any commercial promotional purpose.

109.    Ms. Garcia is not and has never been Defendant's customer and has never registered on Defendant's website. Ms. Garcia has no relationship with Defendant of any kind.

110.    Defendant has not compensated Ms. Garcia for the use of her identity to promote its paid subscription services.

111.    Defendant has been unjustly enriched by the misappropriation of Ms. Garcia's identity to promote its products and services. Defendant's unauthorized use of Ms. Garcia's identity in its advertisements has injured Ms. Garcia by depriving her of the economic value of her identity and her right to control the use of her identity for commercial purposes. Defendant's actions have created doubt and worry for Ms. Garcia about her ability to control how others use her identity to promote their products.

112.    Upon information and belief, Ms. Garcia's personally identifying information has been searched for or viewed by 6Sense Free Plan users.

## CLASS ACTION ALLEGATIONS

113.    Plaintiffs bring this action both on behalf of themselves and all others similarly situated, as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), on behalf of the following classes ("the Classes"):

> **Nationwide Class** (under California law): All natural persons in the United States who are not registered users of 6Sense and whose personally identifying information was viewed, searched for or accessible in a 6Sense Free Plan.

**California Class:** All natural persons who are not registered users of 6Sense and whose personally identifying information was viewed, searched for or accessible in a 6Sense Free Plan while they resided in California.

**Illinois Class:** All natural persons who are not registered users of 6Sense, whose personally identifying information was viewed, searched for or accessible in a 6Sense Free Plan while they resided in Illinois.

**Ohio Class**: All natural persons who are not registered users of 6Sense and whose personally identifying information was viewed, searched for or accessible in a 6Sense Free Plan while they resided in Ohio.

**Indiana Class**: All natural persons in the United States who are not registered users of 6Sense and whose personally identifying information was either 1) viewed, searched for or accessible in a 6Sense Free Plan while they resided in Indiana or 2) viewed or searched for by a 6Sense Free Plan user residing in Indiana.

Specifically excluded from the Classes are Defendant, its officers, directors or employees, any entity in which Defendant has a controlling interest and any affiliate, legal representative, heir or assign of Defendant. Also excluded from this Class are any judicial officers presiding over this action, the members of the judicial officer's immediate family and staff and any juror assigned to this action.

126. Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

127. <u>Class Identity</u>: The Classes are readily identifiable and adequate records exist to identify them.

128. <u>Numerosity</u>: The members of the Classes are so numerous that their individual joinder is impracticable. The Classes are reasonably believed to include hundreds of thousands of persons. Defendant asserts that it has published over 449 million profiles. Further, the size and relatively modest value of the claims of individual Class Members render joinder impracticable. The precise number or identity of Class Members is presently unknown to Plaintiffs but may be ascertained from Defendant's records. Class Members may be notified of the pendency of this action by mail, email, Internet postings and publication.

129.    <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Class Members because Plaintiffs are individuals whose identities are profiled on Defendant's website to promote Defendant's paid subscriptions without their consent. Plaintiffs' claims arise from the same common course of conduct, give rise to the same claims of injury and seek the same relief as those of the other Class Members.

130.    <u>Common Questions Predominate</u>: Questions of law and fact common to the Classes, which generate common answers, include, but are not limited to:

a.    Whether Defendant knowingly used Plaintiffs' and Class Members' identities;

b.    Whether Defendant used Plaintiffs' and Class Members' identities for a commercial purpose;

c.    Whether Defendant obtained written consent from Plaintiffs and Class Members before using their identities to promote its subscriptions;

d.    Whether Defendant's conduct described in this Complaint constitutes a violation of Cal. Civ. Code § 3344; Cal. Bus. & Prof. Code. § 17200 *et seq.*; 765 ILCS 1075/1, *et seq.*; Ind. Code § 32-36-1, *et seq.*; and Ohio Rev. Code § 2741.01, *et seq.*;

e.    Whether Plaintiffs and the Class Members are entitled to actual, statutory, punitive or other forms of damages and other monetary relief;

f.    Whether Plaintiffs and Class Members are entitled to injunctive and equitable relief.

131.    These and other questions of law and fact common to all members of the Classes predominate over questions affecting only individual Class Members.

132.    <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Classes because Plaintiffs' interests are aligned with, and are not antagonistic to, those of the other Class Members. Plaintiffs have retained counsel competent and experienced in the prosecution of complex and class action litigation to represent them and the Classes.

133.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:  (i) individual joinder of all Class Members is impracticable; (ii) prosecution as a class action will eliminate the possibility of duplicative litigation; (iii) prosecution of separate actions by individual Class Members would create the risk of

inconsistent or varying decisions and adjudications, creating uncertain and potentially incompatible standards for adjudicating the claims and defenses asserted in this action; (iv) the relatively small amount of damages suffered by individual Class Members, when compared to the expense and burden of individual prosecution of their individual claims, precludes feasible and practical individual actions to seek redress for the violations alleged; and (v) individual litigation would greatly increase the delay and expense to all parties and to the court system. For these reasons, a class action will reduce case management difficulties and provide the benefits of unitary adjudication, economy of scale and comprehensive supervision by a single court.

134.    In addition, Defendant has acted on grounds generally applicable to the Classes, making final injunctive relief appropriate for the Classes as a whole.

**CLAIMS FOR RELIEF**

**COUNT I**
**Violation of California Right of Publicity Act, Cal. Civ. Code § 3344**
**(On behalf of all Plaintiffs and the Nationwide Class, or, alternatively,**
**on behalf of Plaintiffs Michael Ambrozewicz, Devin Franke and the California Class)**

135.    Plaintiffs, individually and on behalf of the Nationwide and California Classes, restate and reallege all paragraphs of this Complaint.[4]

136.    The California Right of Publicity statute prohibits the knowing misappropriation of an individual's name, voice, signature, photograph, or likeness in advertising or soliciting without the individual's prior consent. See Cal. Civ. Code § 3344.

137.    Defendant used Plaintiffs' identities and the identities of members the Nationwide and California Classes for a commercial purpose by offering their personally identifying information in its Free Plan to promote the sale of paid subscriptions to Defendant's online database and other web-based services.

---

[4] All Plaintiffs bring the First Cause of Action on behalf of the Nationwide Class. Plaintiffs Ambrozewicz and Franke bring the First Cause of Action on behalf of the California Class.

138. Upon information and belief, 6Sense users have searched for or viewed the personally identifying information of Plaintiffs and members of the Nationwide and California Classes while registered for the 6Sense Free Plan.

139. Plaintiffs and members of the Nationwide and California Classes did not give Defendant consent to use their identities to promote and solicit paid subscriptions to Defendant's services.

140. Plaintiffs believe that their profiles on Defendant's website identify them to others because they contain personal and accurate details that are particular to Plaintiffs.

141. Defendant deprived Plaintiffs and members of the Nationwide and California Classes of control over whether and how their names can be used for commercial purposes.

142. Defendant derived economic value from the identities of Plaintiffs and the Nationwide and California Classes and deprived them of the economic value of their identities by using their identities to promote Defendant's products and services.

143. Defendant did not compensate Plaintiffs or members of the Nationwide and California Classes for the use of their identities for commercial purposes.

144. Defendant's conduct resulted in injury to Plaintiffs and members of the Nationwide and California Classes.

145. Plaintiffs seek the maximum statutory damages available under California law, $750 per violation, pursuant to Cal. Civ. Code 3344(a) on behalf of the Nationwide and California Classes.

146. On behalf of the Nationwide and California Classes, Plaintiffs seeks a permanent injunction barring Defendant from using their and Nationwide and California Class members' identities in connection with any promotion of Defendant's subscriptions.

## COUNT II
### California Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 *et seq.*
### (On behalf of Plaintiffs Michael Ambrozewicz, Devin Franke and the California Class)

147. Plaintiffs, individually and on behalf of the California Class, restate and reallege all paragraphs of this Complaint.

148. Defendant has and is engaged in unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 *et seq.* ("UCL").

149.    As alleged above, Defendant's misappropriation and use without consent of Plaintiffs' and class members' names, photographs, likenesses, and personal information is a violation of California's Right of Publicity Statute, Cal. Civ. Code § 3344.

150.    By engaging in the conduct described in this complaint and violating California law, Defendant engaged in and continues to engage in "unlawful" business acts and practices prohibited by the UCL. By engaging in the conduct described in this complaint, including profiting from the sale and use in advertising of personal information it misappropriated without consent, Defendant engaged in and continues to engage in "unfair" business acts and practices prohibited by the UCL.

151.    As a result of Defendant's actions, Plaintiffs and the class have been injured. Plaintiffs and members of the class each lost the economic value of their likenesses, their exclusive right to control their likenesses, and the right to protect their privacy, as guaranteed by California law.

### COUNT III
**Violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.*
(On behalf of Plaintiff Matthew Hartz and the Illinois Class)**

152.    Plaintiff Matthew Hartz, individually and on behalf of the Illinois Class, restates and realleges all paragraphs of this Complaint.

153.    The Illinois Right of Publicity statute prohibits using a person's name, photograph, image or likeness for the purpose of advertising or promoting products, merchandise, goods or services without written consent. See 765 ILCS 1075/1, *et seq*.

154.    Defendant used the Plaintiff Hartz's identity and the identities of Illinois Class members for a commercial purpose by offering their personally identifying information in its Free Plan to promote the sale of paid subscriptions to Defendant's online database and other web-based services.

155.    Upon information and belief, 6Sense users have searched for or viewed Plaintiff Hartz's and Illinois Class members' personally identifying information while registered for the 6Sense Free Plan.

156.    Plaintiff Hartz and Illinois Class members did not give Defendant consent to use their identities to promote and solicit paid subscriptions to Defendant's services.

157.    Plaintiff Hartz believes that his profile on Defendant's website identifies him to others because the profile contains personal and accurate details that are particular to him.

158.    Defendant deprived Plaintiff Hartz and Illinois Class members of control over whether and how their names can be used for commercial purposes.

159.    Defendant derived economic value from the identities of Plaintiff Hartz and Illinois Class members and deprived them of the economic value of their identities by using their identities to promote Defendant's products and services.

160.    Defendant did not compensate Plaintiff Hartz or Illinois Class members for the use of their identities for commercial purposes.

161.    Defendant's conduct resulted in injury to the Plaintiff Hartz and Illinois Class members.

162.    Plaintiff Hartz seeks the maximum statutory damages available under Illinois law, $1,000 per violation, pursuant to the Illinois Right of Publicity Act on behalf of the Illinois Class.

163.    On behalf of the Illinois class, the Plaintiff Hartz seeks a permanent injunction barring Defendant from using his and Illinois Class members' identities in connection with any promotion of Defendant's subscriptions.

## COUNT IV
### Violation of Ohio Rev. Code § 2741.01, *et seq.*
### (On behalf of Plaintiffs Nicole Lamonica, Edward Bell and the Ohio Class)

164.    Plaintiffs Nicole Lamonica and Edward Bell (the "Ohio Plaintiffs"), individually and on behalf of the Ohio Class, restate and reallege all paragraphs of this Complaint.

165.    Ohio Revised Code Sec. 2741.01 et seq. prohibits the use of an individual's name for advertising or soliciting the purchase of products or services without written consent.  See Ohio Rev. Code § 2741.01, *et seq.*

166.    Defendant used the Ohio Plaintiffs' identities and the identities of Ohio Class members for a commercial purpose by offering their personally identifying information in its Free Plan to promote the sale of paid subscriptions to Defendant's online database and other web-based services.

167.    Upon information and belief, 6Sense users have searched for or viewed personally identifying information of the Ohio Plaintiffs and Ohio Class members while registered for the 6Sense Free Plan.

168.    The Ohio Plaintiffs and Ohio Class members did not give Defendant consent to use their identities to promote and solicit paid subscriptions to Defendant's services.

169.    The Ohio Plaintiffs believe that their profiles on Defendant's website identify them to others because the profiles contain personal and accurate details that are particular to them.

170.    Defendant deprived the Ohio Plaintiffs and Ohio Class members of control over whether and how their names can be used for commercial purposes.

171.    Defendant derived economic value from the identities of the Ohio Plaintiffs and Ohio Class members and deprived them of the economic value of their identities by using their identities to promote Defendant's products and services.

172.    Defendant did not compensate the Ohio Plaintiffs or Ohio Class members for the use of their identities for commercial purposes.

173.    Defendant's conduct resulted in injury to the Ohio Plaintiffs and Ohio Class members.

174.    The Ohio Plaintiffs seek the maximum statutory damages available under Ohio law, $2,500 per violation, pursuant to Section 2741.07 of Ohio's Right of Publicity in Individual's Persona, on behalf of the Ohio Class.

175.    On behalf of the Ohio Class, the Ohio Plaintiffs seek a permanent injunction barring Defendant from using their and Ohio Class members' identities in connection with any promotion of Defendant's subscriptions.

**<u>COUNT V</u>**
**Violation of Ind. Code § 32-36-1, *et seq.***
**(on behalf of Plaintiff Madeline Garcia and the Indiana Class)**

176.    Plaintiff Madeline Garcia, individually and on behalf of the Indiana Class, restates and realleges all paragraphs of this Complaint.

177.    Indiana statutory law prohibits the use of any aspect of a person's right of publicity for a commercial purpose without having obtained previous written consent.  See Ind. Code § 32-36-1, *et seq*.

178.    Defendant used Plaintiff Garcia's identity and the identity of Indiana Class members for a commercial purpose by offering their personally identifying information in its Free Plan to promote the sale of paid subscriptions to Defendant's online database and other web-based services.

179.    Upon information and belief, 6Sense users have searched for or viewed Plaintiff Garcia's and Indiana Class members' personally identifying information while registered for the 6Sense Free Plan.

180.    Plaintiff Garcia and members of the Indiana Class did not give Defendant their consent to use their identities to promote and solicit paid subscriptions to Defendant's database.

181.    Plaintiff Garcia believes that her profile on Defendant's website identifies her to others because it contains personal and accurate details that are particular to her.

182.    Defendant deprived Plaintiff Garcia and members of the Indiana Class of control over whether and how their names can be used for commercial purposes.

183.    Defendant derived economic value from the identities of Plaintiff Garcia and the Indiana class and deprived them of the economic value of their identities by using their identities to promote Defendant's services.

184.    Defendant did not compensate Plaintiff Garcia or Indiana Class members for the use of their identities for commercial purposes.

185.    Defendant's conduct resulted in injury to Plaintiff Garcia and the Indiana class members.

186.    Plaintiff Garcia seeks the maximum statutory damages available under Indiana law, $1,000 per violation, pursuant to the Ind. Code § 32-36-1-10 on behalf of the Indiana class.

187.    On behalf of the Indiana class, Plaintiff Garcia seeks a permanent injunction barring Defendant from using the identities of Plaintiff Garcia and Indiana class members in connection with any promotion of Defendant's subscriptions on the website.

## **PRAYER FOR RELIEF**

WHEREFORE, all Plaintiffs, on behalf of themselves and the proposed Classes, respectfully request that this Court enter an Order:

A.    Certifying the case as a class action on behalf of the Classes defined above (or on behalf of any other class the Court deems appropriate);

B.    Appointing Plaintiffs as representatives of the Classes and their undersigned attorneys as class counsel for the Classes;

1    C.    Declaring that Defendant's acts and omissions, as set forth above, constitute a violation

2 of Cal. Civ. Code § 3344; 765 ILCS 1075/1 *et seq.*; Cal. Bus. & Prof. Code. § 17200 *et seq.*; Ind. Code

3 § 32-36-1 *et seq.*; and Ohio Rev. Code § 2741.01, *et seq.*;

4    D.    Awarding statutory, actual, compensatory, consequential, punitive and nominal

5 damages, as well as restitution and/or disgorgement of profits unlawfully obtained;

6    E.    Awarding injunctive and other equitable relief as necessary to protect the interests of

7 the Classes, including prohibiting Defendant from engaging in the wrongful and unlawful acts

8 described above;

9    F.    Awarding Plaintiffs and the Classes their reasonable attorneys' fees and costs and other

10 litigation expenses;

11    G.    Awarding Plaintiffs and the Classes pre- and post-judgment interest, to the extent

12 allowable; and

13    H.    Awarding such other and further relief as the Court may deem just and proper under

14 the circumstances.

15                          **JURY DEMAND**

16    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all of

17 the claims asserted in this Complaint so triable.

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  October 28, 2024

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ *Laurence D. King*
　　　　Laurence D. King

Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
Clarissa R. Olivares (SBN 343455)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:　(415) 772-4700
Facsimile:　(415) 772-4707
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*breed@kaplanfox.com*
*colivares@kaplanfox.com*

Klint Bruno (*pro hac vice* to be filed)
Jennifer H. Gelman (*pro hac vice* to be filed)
Michael L. Silverman (*pro hac vice* to be filed)
**THE BRUNO FIRM, LLC**
205 North Michigan Avenue, Suite 810
Chicago, Illinois 60601
Telephone: (312) 321-6481
*kb@brunolawus.com*
*jg@brunolawus.com*
*ms@brunolawus.com*

*Attorneys for Plaintiffs and the Proposed Class*